**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THEODORE WAHL JR. and TARA McCARTNEY<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

AND NOW, comes Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm"), for the purpose of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

**PROCEDURAL HISTORY**

1.      This is a civil action filed and now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, No. 2026-13728.

2.      On July 10, 2026, Plaintiff initiated this action via Complaint.

3.      Plaintiff's Complaint alleges breach of contract, common law bad faith, and statutory bad faith pursuant to 42 Pa.C.S.A. § 8371, and Plaintiff seeks damages in excess of $50,000.00 as to each count. (*See* Exhibit "A".)

4.      The averments made herein are true and correct with respect to the date on which the pleadings were filed, and the date upon which this notice is being filed.

5.      This suit is of a civil nature and involves a controversy between citizens of different States. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of

the State of Illinois with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

6. Defendant has, with the filing of this notice, given written notice to Plaintiff's counsel.

7. Defendant is also filing a copy of the notice of removal and all attachments hereto with the Prothonotary of the Court of Common Pleas of Montgomery County.

8. Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania as the amount in controversy in this matter exceeds $75,000.00. As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ v. State Farm Mutual Automobile Insurance Company*, 961 F. Supp. 808, 810 (E.D. Pa. 1997). The defendant must prove the amount in controversy by a preponderance of the evidence.

**JURISDICTION**

9. Plaintiff's Complaint avers three counts, breach of contract, common law bad faith, and statutory bad faith under 42 C.S.A. §8371. (*See* Exhibit "A" (without exhibits).)

10. Plaintiff's Complaint demands damages for each count in an amount in excess of $50,000.00. (*See* Exhibit "A" Counts I, II, and II.)

11. In support of the breach of contract claim, Plaintiffs aver damages of "*at least* $46,629.73, pre- and post-judgement interest, and permissible costs of suit." (*See* Exhibit "A", *ad damnum* para. to Count I.)

12. When determining whether the jurisdictional amount has been satisfied, the Court must first look at the complaint. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

13. A District Court's determination as to the amount in controversy must be based

2

on the "plaintiff's complaint at the time the petition for removal was filed." *Hutchinson v. State Farm Fire & Cas. Co.*, Civ. A. No. 18-2588, 2019 U.S. Dist. LEXIS 13820, at *5 (E.D. Pa. Jan. 28, 2019) (citing *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)).

14.    The underlying lawsuit as alleged in the Complaint arises out of Defendant's handling and investigation of a loss at Plaintiff's property located at 1319 Wooded Way, Bryn Maw, PA 19010, allegedly resulting in damage to the property on May 22, 2025. (*See* Exhibit "A".)

15.    Generally, claims brought by a plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. *C.D.Peacock, Inc. v. The Neiman Marcus Group, Inc.*, Civ. A. No. 97-5713, 1998 U.S. Dist. LEXIS 2945 (E.D. Pa. Mar. 12, 1998). "Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant . . . ." *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997).

16.    Since Pennsylvania does not permit a demand for a specific sum and permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

17.    "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." *Hatchigian v. AAA Mid-Atlantic Member Rels.,* Civ. A. No. 19-4740, 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

18.    While two claims cannot be aggregated to satisfy the jurisdictional amount if the plaintiff could not recover damages for both (*Ketz v. Progressive Northern Ins. Co.*, 3:07-cv-731, 2007 U.S. Dist. LEXIS 43245 (M.D. Pa. June 14, 2007) citing *C.D.Peacock, Inc.*, *Id.*; *Suber v.*

*Chrysler Corp.*)), a bad faith claim and a breach of contract claim are separate and distinct and can be aggregated to calculate the amount in controversy. *Id.*

20.     Regarding Count II, the Complaint alleges that Defendant acted in common law bad faith, and, accordingly, Plaintiff seeks a finding of common law bad faith, pre- and post-judgment interest, and cost of suit.  (*See* Exhibit "A", *ad damnum* para to Count II).

21.     Regarding Count III, the Complaint alleges that Defendant acted in bad faith pursuant to 42 Pa. C.S.A. §8371 and, accordingly, Plaintiff seeks damages in excess of $50,000, punitive damages, interest, attorney's fees and cost of suit. (*See* Exhibit "A", *ad damnum* para. to Count III)y.

22.     Where both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

23.     "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); *Mieczkowski v. Salvation Army*, No. 3:15-cv-2146, 2016 U.S. Dist. LEXIS 54260, (M.D. Pa. Apr. 22, 2016); *Colasuonno v. Safe Auto Ins. Co.*, Civ. A. No. 12-5791, 2012 U.S. Dist. LEXIS 194718 (E.D. Pa. Dec. 20, 2012).

24.     Although the claim of bad faith is disputed by State Farm, if Plaintiff is able to sustain a finding of bad faith, it is reasonable to expect that a punitive damage award two or three times the amount in controversy, or beyond, could be rendered by the trier of fact.

25.     Moreover, attorney's fees must also be included in determining the amount in controversy. *Neff v. General Motors Corp.*, 163 F.R.D. 478, 482 (E.D. Pa. 1995). Over the

4

course of an approximate ten-month litigation of this matter, there is a reasonable probability that Plaintiff would incur costs and fees in an amount approaching $25,000.00.

26.    In considering whether removal is proper, the Court's determination of the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights. *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.1993).

27.    As the personal property damage claim alone, as indicated in Plaintiff's Complaint, is currently $46,629.73, even a punitive damages ratio of one (exclusive of interest and costs) is in excess of $75,000.00 as shown in the hypothetical below:

| | |
|---|---|
| Compensatory | $46,629.73 |
| Punitive damages at a factor of 1 | $46,629.73 |
| Attorney fees | $25,000.00 |
| | $118,259.46 |

28.    Given Plaintiff's stated claims for breach of contract, common law bad faith, and statutory bad faith, the amount in controversy in this case is in excess of the $75,000.00 jurisdictional threshold for removal to the federal Court, in accordance with 28 U.S.C. §1446 (a).

29.    Defendant reiterates its demand for a jury trial of twelve.

5

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
WILLIAM H. HOFMANN, ESQUIRE
Attorney ID No: 201268
Attorneys for Defendant
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100
hofmann@bbs-law.com

Date:　August 10, 2026

6

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THEODORE WAHL JR. and TARA McCARTNEY<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

To:    Matthew L. Minksy, Esq.
       Minsky Law LLC
       123 S. Broad Street, 15th Floor
       Philadelphia, PA 191039

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, *Wahl v. State Farm Fire and Casualty Company,* now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, No. 2026-13728.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania.

2

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____

WILLIAM H. HOFMANN, ESQUIRE
Attorney ID No: 201268
Attorneys for Defendant
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100
hofmann@bbs-law.com

Date:   August 10, 2026

2

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THEODORE WAHL JR. and TARA McCARTNEY<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S CERTIFICATION OF FILING OF COPY OF NOTICE OF REMOVAL**
**WITH STATE COURT**

I, William H. Hofmann, being duly sworn according to law, deposes and says that she is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company, and that she did direct the filing with the Prothonotary of the Court of Common Pleas of Montgomery County a copy of the Notice of Removal, attached hereto, said filing to be made on or about August 10, 2026. I certify that the statements herein are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____

WILLIAM H. HOFMANN, ESQUIRE
Attorney ID No: 201268
Attorneys for Defendant
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100
hofmann@bbs-law.com

Date:   August 10, 2026

**<u>AFFIDAVIT</u>**

I, William H. Hofmann, Esquire, being duly sworn according to law, do hereby depose and state that I am an attorney for defendant, State Farm Fire and Casualty Company, the petitioner in the foregoing Notice of Removal, that I have been duly authorized by the petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

_____
WILLIAM H. HOFMANN, ESQUIRE